IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **ANTWAUN LESHAWN SPENCER**, <br><br> Petitioner, <br><br> v. <br><br> **KIMBERLY HENDRICKS**, Superintendent, Santiam Correctional Institution, <br><br> Respondent. | Case No. 2:18-cv-126-AC <br><br> **ORDER** |

Kristina S. Hellman, Assistant Federal Public Defender, FEDERAL PUBLIC DEFENDER'S OFFICE, 101 SW Main Street, Suite 1700, Portland, Oregon 97204. Of Attorneys for Petitioner.

Ellen F. Rosenblum, Oregon Attorney General, and Samuel A. Kubernick, Assistant Attorney General, OREGON DEPARTMENT OF JUSTICE, 1162 Court Street NE, Salem, Oregon 97301. Of Attorneys for Respondent.

**Michael H. Simon, District Judge.**

Petitioner Antwaun Leshawn Spencer is an inmate in the custody of the Oregon Department of Corrections (DOC) at the Santiam Correctional Institution (SCI). He brings this petition for writ of habeas corpus against Kimberly Hendricks, Superintendent of SCI, pursuant to 28 U.S.C. § 2254.[1] United States Magistrate Judge John V. Acosta issued Findings and

---

[1] When Petitioner filed his original Petition for Writ of Habeas Corpus (ECF 1), he was detained in the Eastern Oregon Correctional Institution (EOCI). Petitioner named Rick Coursey,

PAGE 1 – ORDER

Recommendation on March 26, 2020. ECF 46. Judge Acosta recommended that Petitioner's Third Amended Petition for Writ of Habeas Corpus (ECF 33) be denied. Petitioner filed timely objections (ECF 48), and Respondent timely responded (ECF 49).

On May 4, 2020, Petitioner moved for a stay of this case (ECF 52) until the United States Supreme Court decided whether its decision in *Ramos v. Louisiana*, --- U.S. ---, 140 S. Ct. 1390 (2020), applied retroactively to cases such as Petitioner's. The Court granted Petitioner's request for a stay. ECF 57. On May 17, 2021, the Supreme Court issued its decision in *Edwards v. Vannoy*, --- U.S. ---, 141 S. Ct. 1547 (2021). In that case, the Supreme Court held that *Ramos* did not apply retroactively on collateral review under a federal retroactivity analysis. On July 1, 2021, the parties jointly asked this district court to take the pending Petition under advisement (ECF 65), which the Court has done.

Under the Federal Magistrates Act (Act), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files an objection to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3). For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474

---

the then-superintendent of EOCI, as the Respondent in his Amended Petition. ECF 6. In Petitioner's Third Amended Petition, he explained that he had been transferred to the Mill Creek Correctional Facility (MCCF). ECF 33. On June 30, 2021, the Oregon DOC permanently closed the MCCF. According to the DOC's website, Petitioner is now being held at the Santiam Correctional Institution (SCI). Kimberly Hendricks is the current superintendent at SCI. *See* Department of Corrections: Agency Subdivisions, Oregon Secretary of State Oregon Blue Book, https://sos.oregon.gov/blue-book/Pages/state/executive/corrections-subdivisions.aspx (last visited July 25, 2021). The Court substitutes Kimberly Hendricks as the Respondent, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

PAGE 2 – ORDER

U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

As noted, Petitioner timely objected to Judge Acosta's findings and recommendation, and Respondent timely responded. Petitioner offers no argument in support of his objections to Judge Acosta's findings on Grounds One and Two of the Petition, on part of Judge Acosta's findings on Ground Six of the Petition, or to Judge Acosta's denial of a certificate of appealability. Petitioner simply states that he objects to these findings and recommendations. ECF 48 at 2, 4. Petitioner also states that he objects to Judge Acosta's "conclusion that Ground Six of his [P]etition is time-barred, does not relate back, and is procedurally defaulted." *Id.* at 2. Petitioner asserts the applicable standard for when a certificate of appealability should be granted but does not provide any analysis applying that standard to this Petition. *Id.* at 4.

A "general" objection to a Findings and Recommendation does not meet the "specific written objection[]" requirement of Rule 72(b) of the Federal Rules of Civil Procedure. *See, e.g.*, *Velez-Padro v. Thermo King de Puerto Rico, Inc.*, 465 F.3d 31, 32 (1st Cir. 2006) ("Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)"). Accordingly, this Court reviews Judge Acosta's findings on Grounds One and Two

PAGE 3 – ORDER

and his conclusion that Ground Six is time-barred, does not relate back, and is procedurally defaulted, and his recommendation that the Court deny a certificate of appealability only for clear error. No clear error being apparent, the Court ADOPTS these findings and recommendations.

Petitioner also objects to Judge Acosta's "initial observation" about *Lincoln v. Sunn,* 807 F.2d 805, 816 (9th Cir. 1987) (citing *Givens v. Housewright,* 786 F.2d 1378, 1381 (9th Cir. 1986)). Petitioner argues that his claim is "that the state-law evidentiary ruling affected Petitioner's constitutional right to have a meaningful opportunity to present a complete defense, which is grounded in the rights to due and compulsory process and to confrontations secured by the Sixth and Fourteenth Amendments to the United States Constitution." ECF 48 at 2. Judge Acosta explained that "Petitioner's claim challenges a state-court evidentiary ruling[.]" ECF 46 at 14. Judge Acosta then identified the relevant constitutional right affected by the state court's evidentiary ruling as the "constitutional right to present a complete defense" under the Sixth and Fourteenth Amendments. *Id.* at 15. Petitioner's objection appears to be a restatement of Judge Acosta's characterization of Petitioner's claim.

Petitioner only provided the basis for objection on one substantive issue—Judge Acosta's finding on the merits of Ground Six. There, Judge Acosta relied on *Apodaca* to find that Petitioner's non-unanimous conviction was constitutional. Although *Ramos* overruled *Apodaca*, the holding in *Edwards* forecloses Petitioner's objection by establishing that *Ramos* is not retroactive under the circumstances presented here. *See Edwards*, 141 S.Ct. at 1552 ("[T]he *Ramos* jury-unanimity rule likewise does not apply retroactively on federal collateral review."). Accordingly, Petitioner is not entitled to federal habeas relief on the ground that his conviction was by a non-unanimous jury.

PAGE 4 – ORDER

The Court ADOPTS Judge Acosta's Findings and Recommendation (ECF 46), DENIES Petitioner's Third Amended Petition for Writ of Habeas Corpus (ECF 33), and DENIES a certificate of appealability.

**IT IS SO ORDERED**.

DATED this 26th day of July, 2021.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge
